**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMARJEET SINGH, | No. 09-73511 |
| Petitioner, | Agency No. A097-102-374 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2013
San Francisco, California

Before: NOONAN and WATFORD, Circuit Judges, and LYNN, District Judge.[**]

Amarjeet Singh ("Singh"), a native and citizen of India, petitions for review

of a Board of Immigration Appeals' ("BIA") decision affirming an immigration

judge's ("IJ") denial of his applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for the Northern District of Texas, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA found that Singh testified credibly and that he established past persecution attributable to his affiliation with a Sikh political organization. The BIA nevertheless concluded that Singh was not eligible for asylum because the government had rebutted the presumption of a well-founded fear of future persecution by introducing evidence of changed country conditions in India. The factual findings underlying the agency's denial of relief are reviewed under the substantial evidence standard. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008).

Singh contends that the BIA erred in finding that the presumption of future persecution against him was rebutted by changed country conditions. In order to find changed conditions, the BIA was required to identify specific improvements in India's conditions occurring after Singh's persecution and link those improvements to Singh and his ability to return. *See Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir. 2002). The rebuttal evidence indicates that the Sikh militant movement is no longer active in the Punjab region and that any residual problems of custodial abuse involve high profile Sikh leaders. For low profile individuals, such as Singh, the evidence supports the finding that human rights abuses and

militant violence against Sikhs have abated significantly throughout India, and that the country's government has acknowledged and condemned such actions.

The BIA identified that Singh had suffered localized problems with the police more than 10 years ago, that he no longer practiced the visible elements of the Sikh religion, that Sikhs now live in considerable numbers outside of the Punjab, and that Singh had testified that any harassment of his family was linked to the motive of taking money from his family by the police. Based on this evidence, the BIA undertook the requisite individualized analysis and substantial evidence supports the finding that Singh would not be subject to persecution if he returned to India.

Because Singh has failed to establish that he is eligible for asylum, it follows that he is unable to meet the more demanding evidentiary burden required for withholding of removal. *See Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir. 2004).

Finally, to obtain CAT relief, a petitioner must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Singh has produced no evidence to compel a finding that he would be tortured regardless of where in India he might return or that he would be unable to live safely anywhere in India. Together with the evidence of changed conditions in India, the record does not compel the conclusion that it is more likely

than not that Singh would be tortured if he is removed to India. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217-19 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**

*Singh v. Holder*, No. 09-73511

WATFORD, Circuit Judge, dissenting:

I don't think the government successfully rebutted Mr. Singh's presumption of a well-founded fear of future persecution by proving changed country conditions. The police continue to harass Mr. Singh's family, which demonstrates that conditions haven't "changed sufficiently so as to overcome that presumption." *Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir. 2002). The majority describes the continued harassment as "linked to the motive of taking money," Maj. op. at 3, but the record suggests that's only partly true. Mr. Singh credibly testified that the police are motivated "at least in part" by the officers' belief that he's associated with the militant group Babbar Khalsa. *See Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc). The majority also notes that "any residual problems of custodial abuse involve high profile Sikh leaders." Maj. op. at 2. But Mr. Singh has been arrested before and clearly remains of interest to the police, so he's still at risk even as a low-profile militant.